UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**JENNIFER GONZALEZ,**                                    Case No.:

                **Plaintiff,**                            **COMPLAINT**


    -against-


                                                                                                            **Jury Trial Demanded**

**JUNIOR'S CHEESECAKE INC.,**

                **Defendant.**
------------------------------------------------------------------------X

Plaintiff Jennifer Gonzalez ("Plaintiff" or "Ms. Gonzalez"), by and through her attorneys, FISHER TAUBENFELD LLP, complains of Defendant JUNIOR'S CHEESECAKE INC. ("Defendant" or "Junior's") as follows:

## NATURE OF THE ACTION

1. This action is brought to challenge Defendant's practice of gender discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Administrative Code of the City of New York, § 8-101 *et seq.* ("City Law").

2. Pursuant to § 8-502(c) of the City Law, contemporaneously with the filing of this Complaint with the Court, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## JURISDICTION AND VENUE

3. All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2019

1

and received a Notice of her Right to Sue from the EEOC on December 19, 2019, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

4. Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution..

5. Venue is proper in this District because Defendant conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## **PARTIES**

6. Plaintiff Jennifer Gonzalez is a 30-year-old female resident of New York State, Queens County, who was employed by Defendant from in or about Summer 2017 to on or about October 2018.

7. Upon information and belief, Junior's Cheesecake Inc. is a domestic company organized and existing under the laws of the State of New York with its principal places of business located at 1626 Broadway, New York, New York 10019.

8. The Company provides food to its clientele through catering, delivery and restaurant service.

9. During all relevant times, the Company employed more than four (4) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of City Law.

10. During all relevant times, the Company employed at least fifteen (15) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and constituted an employer within the definition of Title VII.

## **FACTUAL ALLEGATIONS**

*Background*

11. Defendant hired Plaintiff as a bartender in or about Summer 2017.

12. In that capacity, Plaintiff was responsible for preparing alcoholic beverages, interacting with customers and taking their food and/or drink orders.

13. Throughout Plaintiff's employment with Defendant, Plaintiff met or exceeded the performance expectations of her position.

*Defendant's Sexual Harassment of Plaintiff*

14. Bar Manager Percy Richardson began sexually harassing Ms. Gonzalez almost immediately after he started working at Junior's.

15. On a regular basis, Richardson stood by the service bar and made sexual comments to Ms. Gonzalez and boasted about his sexual exploits with women outside of work.

16. Mr. Richardson frequently asked whether she was "horny" and stated that her "nipples are hard" and often jokingly asked to see just one of her breasts and commented that she had a nice "butt"

17. On one occasion, he squeezed her buttocks as she was passing by him.

18. He regularly leered at her breasts in an obvious way, so as to make her uncomfortable and objectify her.

19. Mr. Richardson retaliated against Ms. Gonzalez as she rebuffed his behavior.

20. He grew angry with her for distancing herself from him and expressing that she was offended by his conduct.

21. Mr. Richardson began to criticize her work performance without basis and in a manner that was disproportionate to the issue at hand.

22. For example, on one occasion, he berated her and sent her home from work, contrary to Junior's policy, because she misunderstood a drink order.

23. Manager Ross Hoffman, and Kitchen Manager Scott (last name unknown) would also harass Ms. Gonzalez on a daily basis.

24. Mr. Hoffman frequently leered at Ms. Gonzalez's breasts and made inappropriate sexual and gender-based comments to her.

25. On several occasions, he told her to dress sexier and encouraged her to attend work in clothes that would be more revealing of her breasts.

26. Once he insinuated that he would provide her with benefits in exchange for her performing sexual favors for him.

27. Scott often made comments to her about how he was a "freak" in bed and then pulled her hair in a taunting fashion.

28. Ms. Gonzalez was so distraught by management's behavior that she began dressing more conservatively at work. She began covering herself in extra layers and wearing loose-fitting clothing so that management would leave her alone.

29. Ms. Gonzalez also stopped socializing with coworkers outside of work.

*Ms. Gonzalez's Complaints*

30. Throughout her employment, Ms. Gonzalez repeatedly informed Mr. Richardson, Mr. Hoffman and Scott that their conduct made her uncomfortable.

31. She repeatedly told Mr. Richardson and Mr. Hoffman to stop staring at her breasts.

32. Ms. Gonzalez also complained to another manager, Tricia (last name unknown), about management's unlawful conduct.

33. At no time did the Company take action to investigate Ms. Gonzalez's claims or to address management's unlawful conduct.

*Defendant's Discriminatory and Retaliatory Termination of Plaintiff*

34. On or about October 17, 2018, Ms. Gonzalez had an altercation at work with a food runner, Jose (last name unknown).

35. Jose had not cleared any of the plates from behind the bar and was ignoring Ms. Gonzalez's numerous requests that he do so.

36. When Ms. Gonzalez asked him a final time to remove the dishes, Jose grew irate and called Ms. Gonzalez a "bitch" and told her that he was going to "fuck up" her face so bad that she was going to have to go back to Colombia to get reconstructive surgery.

37. Randy, a restaurant manager, was present at the time and took no action to protect Ms. Gonzalez.

38. Ms. Gonzalez immediately informed Andy (via text message), the restaurant's general manager, who also took no action to ensure Ms. Gonzalez's safety or to punish Jose for his conduct.

39. Since no action was taken, Ms. Gonzalez was left shaking and vulnerable

40. A similar incident occurred with a kitchen runner (who is friends with Jose), Kwanell (last name unknown), a few weeks later on or about November 26, 2018, when Ms. Gonzalez went to the kitchen to retrieve her dinner.

41. Ms. Gonzalez was speaking with a cook in the kitchen and pointing to a prepared platter to explain the type of bread she wanted for her meal.

42. Kwanell interjected in Ms. Gonzalez's conversation with the cook and began screaming at Ms. Gonzalez, stating that the prepared platter to which she was pointing was not intended for her.

43. She acknowledged that the platter was not hers, but he kept repeating himself and growing more hostile.

44. He then Facetimed with his girlfriend on his phone and asked his girlfriend to come to the restaurant to beat up Ms. Gonzalez.

45. He held up his phone in front of Ms. Gonzalez's face so that his girlfriend could look at Ms. Gonzalez.

46. He then got so close to Ms. Gonzalez's face that he was spitting on her while screaming and his nose was touching her nose.

47. A kitchen worker intervened to calm Kwanell down.

48. Ms. Gonzalez began shaking and crying.

49. Ralfi, a kitchen supervisor, was present for the incident.

50. Mr. Richardson and another manager, Rafael (last name unknown), arrived in the kitchen and observed Kwanell's abuse toward Ms. Gonzalez.

51. A short while later Ms. Gonzalez returned to the bar, where she continued to be shaken and distraught by the incident.

52. Rafael then approached her and sent her home for the day.

6

53. Ms. Gonzalez reported to work the next day but was told to go upstairs to meet with Andy.

54. During their conversation, Andy stated that he could not "protect" Ms. Gonzalez anymore and then summarily terminated her employment.

55. Upon information and belief, no action was taken against Jose or Kwanell for their degrading and threatening conduct toward Ms. Gonzalez on the basis of her sex.

56. Junior's termination of Ms. Gonzalez was based on her sex/gender and in retaliation for her rebuffing and complaining about management and her coworkers' harassment toward her based on her sex/gender.

## FIRST CAUSE OF ACTION
### (Title VII Discrimination)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. By the acts and practices described above, Defendant created a hostile environment constituting sexual harassment and gender discrimination in violation of the Title VII.

59. Defendant knew that its actions constituted sexual harassment of such a severe and pervasive nature as to create a hostile work environment and willfully disregarded Plaintiff's statutorily protected rights.

60. Additionally, Defendant terminated Plaintiff's employment based on her sex/gender.

61. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant's discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SECOND CAUSE OF ACTION
### (City Law Discrimination)

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. By the acts and practices described above, Defendant created a hostile environment constituting sexual harassment and gender discrimination in violation of City Law.

64. Additionally, Defendant terminated Plaintiff's employment based on her sex/gender.

65. Defendant knew that by its actions it was treating Plaintiff less well than other employees based on her gender/sex and willfully disregarded Plaintiff's statutorily protected rights.

66. Defendant's behavior constituted more than petty slights and trivial inconveniences.

67. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant's discriminatory practices, unless and until this Court grants the relief hereinafter described.

## THIRD CAUSE OF ACTION
### (Title VII Retaliation)

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. By the acts and practices described above, Defendant created a hostile environment in retaliation for Plaintiff complaining of gender discrimination, in violation of the Title VII.

70. Defendant knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

71. Additionally, Defendant terminated Plaintiff's employment in retaliation for her complaining of and rebuffing gender discrimination.

72. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant's retaliatory practices, unless and until this Court grants the relief hereinafter described.

## FOURTH CAUSE OF ACTION
### (City Law Retaliation)

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. By the acts and practices described above, Defendant created a hostile environment in retaliation for Plaintiff complaining of gender discrimination, in violation of the City Law.

75. Defendant knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

76. Additionally, Defendant retaliated against Plaintiff by terminating her employment because she complained of and rebuffed gender discrimination.

77. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant's retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

a) awarding, on the First through Fourth Causes of Action, compensatory, punitive, mental anguish, and pain and suffering damages as a result of Defendant's discriminatory and tortious conduct, in an amount exceeding the jurisdictional requisites;

b) awarding Plaintiff such interest as allowed by law;

c) awarding Plaintiff her reasonable attorneys' fees and costs; and

d) granting such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

Dated: March 18, 2020
      New York, New York

                                                Liane Fisher
                                                FISHER TAUBENFELD LLP
                                                225 Broadway, Suite 1700
                                                New York, New York 10007
                                                Phone: (212) 571-0700
                                                Facsimile: (212) 505-2001
                                                *ATTORNEYS FOR PLAINTIFF*